## Rossi Estate

*Charles R. Rosamilia, Jr.,* for petitioner.
*Marc S. Drier,* for respondent.

BROWN, *P.J.,* May 7, 1985—

## PROCEDURAL HISTORY

Eugene C. Rossi of Chapman Township, Clinton County, died intestate on October 15, 1984. Letters

of administration were issued to the surviving spouse, Gladys L. Rossi, on October 26, 1984. On December 20, 1984, decedent's sisters, Helen Vuccolo and Anna Orio, filed a petition to determine forfeiture on behalf of themselves and their brothers and sisters. Petitioners sought a determination from the court that Gladys L. Rossi had forfeited her right to inherit decedent's estate pursuant to 20 Pa.C.S. §2106(a). The petition alleged that Mrs. Rossi had maliciously and willfully deserted her husband and had not performed any of her duties as a spouse for a period in excess of one year. On December 26, 1984, this court issued a citation ordering Gladys L. Rossi to show cause why she should not forfeit her right to inherit and administer decedent's estate. Mrs. Rossi was also enjoined from any further activity on behalf of the estate. The petition as filed did not apprise the court that respondent had previously been issued letters of administration.

As a result of the answer and new matter filed on behalf of Gladys L. Rossi on January 28, 1985, this court issued a rule to show cause why the petition to determine forfeiture and the citation should not be dismissed. Also respondent was reinstated as administratrix pending a disposition of the forfeiture request. At a hearing on February 5, 1985, the court extended the time during which Mrs. Rossi could file preliminary objections. Preliminary objections were filed on behalf of Mrs. Rossi on February 21, 1985. Oral arguments on the objections were held March 26, and are ready for disposition.

## DISCUSSION AND CONCLUSIONS OF LAW

Count I of respondent's preliminary objections is in the form of a demurrer. Respondent argues that petitioners failed to state a cause of action upon which forfeiture could be granted and seeks to have

the petition dismissed for this reason. Petitioners admitted that Gladys Rossi had not abandoned the marital home, however, they do allege that Mrs. Rossi failed to perform any of her duties as a spouse for a period in excess of one year. Respondent argues that petitioners have alleged no facts which would establish willful neglect or a refusal to support Mr. Rossi. Petitioners on the other hand argue that desertion under the forfeiture statute should be construed liberally. They argue that there is no cohabitation between parties who are living entirely separate lives in separate living units while under the same roof. Petitioners base their definition of desertion under the forfeiture statute on the same type of conduct which constitutes desertion under the Divorce Statute, 23 Pa.C.S. §201. The court in Amelio v. Amelio, 18 D.&C.3d 673 (1981), adopted a liberal definition of cohabitation under the Divorce Code. This case defines cohabitation as ". . . the mutual assumption of those marital rights, duties and obligations which are usually manifested by married people." Using this definition of desertion under the Divorce Code, desertion could be found where two parties to a marriage maintain separate living units within the same residence. The court in Amelio adopted this liberal interpretation of cohabitation under the Divorce Code by examining the legislative intent behind the Divorce Code. The court found that the legislature intended to make the law concerning the dissolution of marriage effective for dealing with the realities of marital experience. The court did *not* interpret any definition of cohabitation or desertion for purposes of the forfeiture statute.

Traditionally the conduct which constitutes desertion under the forfeiture statute consists of the same type of conduct considered as desertion under

the Divorce Statute, In Re: Watts Estate, 409 Pa. 44, 185 A.2d 781 (1962). However, since the Divorce Code was reformed in 1980 the Common Pleas Courts occasionally have made more liberal interpretations of cohabitation strictly for divorce purposes, Amelio, supra. Such a trend has not been apparent under the forfeiture statute. This however does not mean that the definition of desertion for forfeiture purposes should be more liberally construed. This court will find no desertion under Title 20 Pa.C.S. §2106 where the husband and wife continue to maintain the same residence.

Respondent also argues that petitioners have failed to allege any activity on the part of Mrs. Rossi which could constitute willful neglect or refusal to support her spouse. Petitioners have ignored a crucial element to the support issue. They have failed to allege that Mrs. Rossi's conduct was willful. The Supreme Court of Pennsylvania in Estate of Jury, 381 Pa. 169, 112 A.2d 634 (1955), has held that nonsupport must be willful in order for forfeiture to take place. Petitioners must make some showing that the spouse accused of nonsupport consciously denied that support to the other spouse. The court in Jury's estate found that where one spouse was self-supporting and sought no support from the other spouse there could be no forfeiture. In other words, where spousal nonsupport was consensual there could be no forfeiture. Petitioners in this case have stated at oral argument that decedent requested Mrs. Rossi to leave their common home on many occasions. Therefore, even if Mrs. Rossi had not performed her duties as a spouse, decedent had consented to this nonsupport and no forfeiture will apply.

In summary petitioners' allegations of desertion and nonsupport by respondent are so strained and

lacking in credibility as to not merit further time or consideration. Decedent had filed for a divorce while alive. He did not successfully pursue this dissolution during his lifetime but was residing with respondent at the time of his death. Allegations of respondent's misconduct relate primarily to her arguments with decedent and her refusal to cooperate in his divorce endeavor. This type of conduct clearly does not warrant a judicial finding of desertion. Likewise the argument of petitioner's willful refusal to support decedent is lacking in legal merit.

The court has also considered petitioner's contention that the preliminary objections are not timely. In view of the manner in which the proceedings came before the court, including the petitioner's withholding of information that letters had been previously issued to respondent, the court extended the time for filing preliminary objections. This was a matter of discretion exercised in the interest of expeditiously passing on the sufficiency of a questionable petition.

## ORDER

And now, May 7, 1985, based upon the foregoing opinion, it is hereby ordered that Count I, demurrer of respondent's preliminary objections, be sustained and that the petition to determine forfeiture be dismissed and the requested relief be denied.

BROWN, *J.*, August 1, 1985—These proceedings began with a petition filed to determine forfeiture with respect to decedent's surviving spouse. Following arguments on respondent surviving spouse's demurrer the court sustained that demurrer and dismissed the forfeiture petition. Petitioners have filed exceptions to that decision which, following

briefing and oral arguments, are ready for disposition.

Initially petitioners have restated their opposition to the court's considering the preliminary objections filed by respondent spouse. That issue was addressed in the court's opinion and order of May 7, 1985. Petitioners have presented no additional arguments in support of their position and the court will rely upon the reasons stated in its original decision to consider the preliminary objections.

The next issue raised in the exceptions relates to the definition of "desertion." Among other things, petitioners had alleged that respondent surviving spouse had deserted decedent and, therefore, was subject to forfeiting her rights in his estate. The definition of desertion which petitioners want to apply was that contained in the Divorce Code particularly as argued in the exceptions in the consideration of the case of Flynn v. Flynn, 341 Pa. Super. 76, 491 A.2d 156 (1985).

In its original opinion and order, the court, in assessing the petition for forfeiture, noted that the parties were cohabiting at the time of decedent's death. Decedent had instituted a divorce action against respondent spouse but continued to cohabit with her. There were also allegations of arguments between the parties and respondent spouse's refusal to cooperate in securing the divorce. The petition further alleged that respondent spouse was guilty of willful neglect or refusal to support decedent. The petition did not allege any particulars as to whether respondent spouse was employed or capable of supporting decedent or whether he was in need of support. On the strength of the parties' cohabitation at the time of decedent's demise and the patent weakness in the allegations alleging desertion or willful

nonsupport, the court sustained respondent spouse's demurrer to the petition.

Petitioner's reliance on Flynn v. Flynn, 341 Pa. Super. 76, 491 A.2d 156 (1985), is of little assistance in resolving the present issue. In Flynn the court was dealing with the issue of parties living "separate and apart" under the Divorce Code and, in so doing, noted that the applicable definition required the "complete cessation of any and all cohabitation." In essence the Flynn court then dealt with the question of what constituted cohabitation and, in particular, the legal theory that despite a couple's living under the same roof they may be found to be not cohabitating. As noted by that court the gravamen of the phrase "separate and apart" focuses on the existence of separate lives not separate roofs. This court has no quarrel with this, but it must be careful to observe that Flynn was not attempting to define desertion but instead was dealing with the issue of cohabitation when the parties maintained a common residence but had ceased all marital relations.

Thus Flynn merely stands for the proposition that petitioners would be permitted to introduce evidence showing that the parties, while living under the same roof, were not in fact cohabiting. However this failure of cohabitation would not be synonymous with a finding of desertion or willful nonsupport. Petitioners would have to go on and establish that respondent spouse was guilty of some willful misconduct which constituted desertion or failure to support, and it is this aspect of the petition which the court previously ruled was susceptible to a demurrer. The court, after reviewing the original petition as well as its previous opinion and order, is not inclined to conclude that petitioners have made out

a case of desertion or willful nonsupport in their petition.

The court has considered petitioners' argument in their brief that they should be allowed to amend their petition in order to factually allege desertion and/or willful neglect or refusal to support. While the court freely allows parties the opportunity to make such amendments, this is usually done in the context where there is some indication that the amended pleading will contain allegations supporting the claim for relief. In this case, petitioners have not apprised the court in their brief or at oral arguments as to what facts could be alleged in support of their claim of desertion and willful nonsupport.

## ORDER

And now, August 1, 1985, based upon the foregoing opinion, it is hereby ordered that the exceptions to the order of May 7, 1985, be dismissed and the requested relief be denied.